Fahey and Whalen, JJ.
(dissenting). We respectfully dissent. We agree with the majority that Supreme Court properly concluded that plaintiff is a covered worker under Labor Law § 240 (1). We cannot agree with the majority, however, that there is a triable issue of fact whether plaintiffs conduct was the sole proximate cause of the accident. We therefore conclude that the court properly granted plaintiff’s motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and would affirm.
This action arises out of an accident that occurred as plaintiff worked from stilts to install insulation on a ceiling at an apartment complex. The stilts were set in such a way that the bottoms of plaintiffs feet were between three and five feet off of the floor. Plaintiff and plaintiffs supervisor (supervisor) both testified at their depositions that they saw ice on the floor of the area in which plaintiff was working, and the supervisor recalled that the ice covered approximately a four-foot by four-foot area and was not more than one eighth of an inch thick. Although, in his words, the ice was “clear like water,” the supervisor merely told plaintiff “not to be in that area,” and took no measures to protect plaintiff from that hazard. Indeed, despite the fact that plaintiffs work required plaintiff to look up and away from the floor to complete his assigned task, the supervisor did not guard the ice with caution tape, barricades or similar devices, and thus left plaintiff unprotected from that hazard.
*1540 As the majority notes, plaintiff alleges that he fell when the stilts slipped on the ice while he was working. We respectfully disagree with the majority that there is an issue of fact whether plaintiffs conduct was the sole proximate cause of his accident inasmuch as the record establishes that plaintiff was not provided with a proper safety device. “[T]he nondelegable duty . . . under Labor Law § 240 (1) ‘is not met merely by providing safety instructions . . . , but [rather is met] by furnishing, placing and operating such devices so as to give [plaintiff] proper protection’ ” (Long v Cellino & Barnes, P.C., 68 AD3d 1706, 1707 [2009] [emphasis added and internal quotation marks omitted]). In our view, “stilts on ice” is the wrong device from which to work at an elevation, and we thus conclude that plaintiff was not furnished with a proper safety device as a matter of law (see Ewing v ADF Constr. Corp., 16 AD3d 1085, 1086 [2005]). “Where, as here, there is a statutory violation that is a proximate cause of the injuries, ‘plaintiff cannot be solely to blame for [it]’ ” (id., quoting Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]). Even assuming, arguendo, that plaintiff was provided with proper protection, we further conclude that his actions cannot be the sole proximate cause of the accident because under the circumstances of this case the stilts were not “ ‘so . . . placed ... as to give proper protection’ to plaintiff’ (Ward v Cedar Key Assoc., L.P., 13 AD3d 1098, 1098 [2004]; see Blake, 1 NY3d at 290).
Finally, we note that Thome v Benchmark Main Tr. Assoc., LLC (86 AD3d 938 [2011]) does not compel a different result here. In that Labor Law § 240 (1) case, the majority concluded that there was a question of fact whether the plaintiff fell as a result of his own misuse of a scissor lift, and whether that conduct was the sole proximate cause of his injuries (id. at 939-940). There, the defendants tendered “evidence that plaintiff was aware that holes had been cut into the concrete floor of the building in which he was working and that, on the morning of his accident, plaintiff had been specifically directed not to operate the scissor lift in the area where the holes had been cut” (id.). The defendants also offered “evidence that plaintiff drove the raised lift into that area while looking at the ceiling rather than where the lift was going” (id. at 940).
Our review of the record in Thome, however, reveals that the plaintiff in that case was not merely instructed to stay away from a hazard. The “holes” in question in Thome, although not protected by caution tape, barricades or cones, were marked by wood pallets that “came up a little bit” inside those depressions, which measured three feet by three feet and were six *1541 inches deep. Although those wood pallets were apparently difficult to distinguish from the depressions at issue at the time of the accident because it had rained earlier on the morning of the accident, the fact remains that there was at least some demarcation of the hazard in that case. Here, the ice that formed the dangerous condition covered an unmarked four-foot by four-foot area. Moreover, the ice was undeniably unremarkable to the extent that it was not more than one eighth of an inch thick and, in the supervisor’s words “clear like water.” Consequently, Thome does not bind us here. Present — Smith, J.P., Fahey, Carni, Sconiers and Whalen, JJ.